

**FILED**
**Sep 13, 2018**
**12:17 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **MICHAEL SLEZAK,** | ) | **Docket No. 2017-06-2230** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AMAZON,** | ) | **State File No. 94425-2017** |
| **Employer,** | ) | |
| **and** | ) | |
| **SELECTIVE INSURANCE** | ) | **Judge Joshua Davis Baker** |
| **COMPANY OF SOUTH CAROLINA,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

On September 12, 2018, the undersigned convened an expedited hearing where Mr. Slezak sought temporary disability and medical benefits. At issue is whether Mr. Slezak would likely prevail at a hearing on the merits in proving entitlement to those benefits. Amazon argued against an award of benefits, claiming Mr. Slezak failed to timely report his injury and to demonstrate a work-related injury. The Court holds Mr. Slezak would prevail at a hearing on the merits in proving entitlement to medical benefits but denies his claim for temporary disability benefits at this time.

## Claim History

This claim concerned an alleged repetitive stress injury. Michael Slezak worked in the warehouse for Amazon when, at some point during the week before August 29, 2017, he allegedly injured his right wrist while folding boxes for use in shipping orders. He had no problems with his right wrist at any time before this condition developed.

On August 29, Mr. Slezak said he entered a leave request into Amazon's online employee portal, referred to as the "HUB," to let his supervisor know he would be out of work. He also claimed he reported the condition as work-related through the HUB. Amazon provided emails disputing whether Mr. Slezak entered a leave request, and whether he reported his injury at all. However, it called no witnesses to testify at the hearing.

Mr. Slezak missed work for a little more than a week, returning on "September 7th or 8th," and claimed he received no contact from Amazon concerning his condition during his absence. When Mr. Slezak returned to work, he continued to have problems with his wrist. He stated in his affidavit, "I started to contact the Leave Team to talk about my situation." Additionally, he testified that he spoke to a "work-comp manager," Ben Woods, and an attendant at AMCARE—Amazon's in house clinic—about his condition. According to Mr. Slezak, the AMCARE representative told him that workers' compensation would likely not be approved.

On September 13, Mr. Slezak went to Dr. John Kane. Dr. Kane diagnosed him with wrist pain, excused him off work until September 16, and referred him to Dr. Shawn Mountain. Dr. Kane provided no opinion on the causal relationship between Mr. Slezak's work and his wrist condition. In fact, he indicated the cause of Mr. Slezak's wrist symptoms were unknown.

Dr. Mountain diagnosed Mr. Slezak with tenosynovitis, gave him pain medication, and provided him a brace. Dr. Mountain also offered to inject his wrist. Mr. Slezak initially declined the injection but later accepted it. Like Dr. Kane, Dr. Mountain also provided no opinion on medical causation.

Amazon terminated Mr. Slezak for "job abandonment" on October 5. Several months after his termination, it completed a first report of injury and listed the mechanism of injury as "unknown." Additionally, Amazon provided a panel of physicians but declined to schedule an appointment. On April 18, Amazon issued a notice denying the claim for "no evidence to support a work-related injury." This suit followed.

**Findings of Fact and Conclusions of Law**

Mr. Slezak must present sufficient evidence to show he would likely prevail at the final hearing to receive relief at this expedited hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). The Court holds he carried that burden regarding his request for medical benefits.

To establish causation, Mr. Slezak must show he suffered an injury "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment . . . [that] is identifiable by time and place of occurrence." An injury "arises primarily out of and in the course and scope of employment" only if the "employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14) (2017).

2

In his affidavit and testimony, Mr. Slezak claimed he injured his wrist while assembling boxes at Amazon. He testified he had no wrist pain before this condition developed. He further claimed he reported the injury but received no medical treatment. As Amazon called no defense witnesses, his version of the events leading to injury is uncontroverted.

The Court further holds Mr. Slezak reported his injury to Amazon. The Workers' Compensation Law requires an employee to report a workplace injury as soon as possible but in no event later than fifteen days after its occurrence absent a reasonable excuse for failing to do so. *See id*. at § 50-6-201(a)(1). Mr. Slezak testified he reported his injury through the HUB, in a conversation with Mr. Woods, and to an AMCARE provider. Amazon provided emails that somewhat contradicted Mr. Slezak but called no witnesses. While Mr. Slezak's manner of speech made his testimony sometimes difficult to follow, the Court finds he provided credible testimony and credits his testimony over the content of email messages created by Amazon personal who were not subject to cross examination.

When an employee suffers a workplace injury, Tennessee law requires the employer to provide medical and surgical treatment "made reasonably necessary" by a workplace accident at no cost to the employee. This process generally begins with the employer giving the employee a list of three "independent reputable physicians" so that the employee may choose one to be the treating physician." *See* Tenn. Code Ann. § 50-6-204(a)(3)(A). Amazon claims Mr. Slezak cannot prove entitlement to medical care because he failed to produce a doctor's opinion affirmatively linking his wrist condition to his work for Amazon. However, at an expedited hearing, an employee need not establish medical causation by a preponderance of the evidence. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Rather, if the employee comes forward with evidence showing that a work event resulted in injury, it may be sufficient to support an order compelling an employer to provide a panel. *Id.*

Amazon's argument concerning lack of evidence on medical causation is premature. The Court finds that Mr. Slezak presented sufficient evidence to establish that he is entitled to a panel of physicians. In this case, as Amazon already provided a panel, the Court orders Amazon to provide Mr. Slezak treatment with whomever he chooses from the panel previously provided.[1]

Regarding temporary disability benefits, the Court finds that Mr. Slezak is not entitled to them at this time. An employee is entitled to receive temporary total disability benefits under Tennessee Code Annotated § 50-6-207(1) whenever the employee has suffered a compensable, work-related injury that has rendered the employee unable to work. *See Young v. Young Elec. Co.*, 2016 TN Wrk Comp. App. Bd. LEXIS 41, at *11-

---

[1] Neither party filed a copy of the panel.

12 (Sept. 14, 2016).  Mr. Slezak presented no proof that any doctor took him off of work due to his wrist condition with exception of the three-day absence approved by Dr. Kane. Only absences that exceed seven days qualify for temporary disability benefits.  *See* Tennessee Code Annotated § 50-6-205(a).  The Court, therefore, finds that Mr. Slezak is unlikely to prevail at a hearing on the merits for temporary disability benefits.

It is **ORDERED** as follows:

1. Amazon shall provide Mr. Slezak a panel of physicians meeting the requirements of Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) .

2. The Court denies Mr. Slezak's request for temporary disability benefits at this time.

3. This matter is set for a status conference on Monday, November 26, 2018, at 9:30 a.m. (CST).  **You must call 615-741-2113 or toll-free 855-874-0474 to participate in the Hearing.  Failure to call may result in a determination of issues without your further participation.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order.  Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.  For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED ON SEPTEMBER 13, 2018.**


_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

# **APPENDIX**

Exhibits:

1. Medical records
2. Slezak Affidavit
3. Notice of Claim Denial
4. First Report of Injury
5. Wage Statement
6. Job Requirement Description
7. Letter Dated March 8, 2018
8. Medical Prescription
9. Medical Record Dated October 30, 2017
10. Termination Letter
11. Email Dated October 6, 2017
12. Chain of Emails Ending on October 23, 2017
13. Notice of Leave Denial
14. Screenshot of HUB Screen from September 18, 2017

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on September 13, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Slezak | X | | X | 15208 Bartons Run<br>Lebanon, TN  37090<br>Mikeslezak2111@yahoo.com |
| Sarah H. Best,<br>Troy W. Hart<br>Employer's Attorneys | | | X | shbest@mijs.com;<br>wth@mijs.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____
**Employee**

_____
**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____